IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LENISE MASHELL ROBERTS**                                                  **PLAINTIFF**

**VERSUS**                                             **NO. 3:17CV243-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held February 13, 2019, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record. Specifically, the court found a May 3, 2016 record of treatment by Dr. Muhammad Batla, which indicated the claimant (who presented in a wheelchair at that time) could not "reasonably do any weightbearing activities," called into question the ALJ's RFC determination and finding that the claimant could perform certain sedentary jobs. Indeed, a vocational expert had testified that all work in the national economy would be precluded for someone with the claimant's RFC and who also required an assistive device in

order to ambulate.   Ultimately, because the claimant had presented to Dr. Batla in a wheelchair in October 2015 (during the relevant period) and because Dr. Batla's physical exam findings at that time mirrored the findings he made in May 2016, it is probable the claimant was likewise not capable of weightbearing activities at that time.

On remand, the ALJ must consider the May 3, 2016 record in conjunction with all the other evidence currently in the record.   The ALJ may conduct any additional proceedings that are not inconsistent with this decision and must issue a new decision.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 14th day of February, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE